UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLIN STARKES,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN GREENE,<br><br>    Defendant. | Case No. 24-cv-03226-JST<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: ECF No. 9 |

Before the Court is Defendant John Greene's motion to dismiss. ECF No. 9. The Court will grant the motion.

## I. BACKGROUND

On February 9, 2024, Plaintiff Collin Starkes filed this action against Greene, the Chief Financial Officer ("CFO") of Discover Bank, alleging that on or around October 17, 2022, he provided Discover with "legal tender" in the form of a "lawful note" which worked to satisfy his debt with Discover. ECF 1-1 at 4–6. Starkes alleges that Greene was obligated, on behalf of Discover, to accept his "lawful note" as a full discharge of his debt. *Id.* at 4. Specifically, he alleges that "Discover financial has chosen to dishonor [his] lawful Note and refused to zero the account. Notes are considered as legal tender for debts, according to the code." *Id.* Further, he claims that "[l]awful money is no longer available for payment of debt in our economic system." *Id.* Starkes brought this action alleging dishonor in commerce, fraud, racketeering, and theft of public funds, demanding $1,000,000.00 for each claim. *Id.* at 5.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1332.

### III. LEGAL STANDARD

When a defendant objects to the Court's personal jurisdiction over it pursuant to Federal Rule of Civil Procedure 12(b)(2), "the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Absent an evidentiary hearing, however, the plaintiff need only make a prima facie showing of personal jurisdiction. *Id.* "Uncontroverted allegations in the plaintiff's complaint must be taken as true", and "[c]onflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). "Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Schwarzenegger*, 374 F.3d at 800. "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Id.* at 800–01.

### IV. DISCUSSION

"Personal jurisdiction must exist for each claim asserted against a defendant." *Action Embroidery Corp v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004). Courts "have recognized two types of personal jurisdiction 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 262 (2017). Greene contends that the Court lacks both general and specific jurisdiction over him, ECF No. 9 at 10–14, and Starkes has conceded the Court lacks personal jurisdiction. ECF No. 21.

#### A. General Jurisdiction

"A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Bristol-Myers*, 582 U.S. at 262 (emphasis omitted). General jurisdiction arises "when [the defendant's] affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations S.A. v. Brown*, 564 U.S. 915, 919 (2011). "The 'paradigm' for general jurisdiction over an individual is 'the individual's domicile.'" *Elite Semiconductor, Inc. v.*

*Anchor Semiconductor, Inc.*, 20-cv-06846-EJD, 2021 WL 3037701, at *7 (N.D. Cal. July 19, 2021) (quoting *Goodyear*, 563 U.S. at 924).

Greene does not have "continuous and systematic" contacts with California. He is a resident of Illinois and works for an Illinois based company as its CFO. Greene Decl. ¶¶ 3–5, ECF No 9-1. Greene has never resided in California and owns no property in the state. *Id.* ¶ 6. He occasionally visits California for professional or personal reasons, *id.* ¶ 7, but this is not enough to confer general jurisdiction. *See Elite Semiconductor, Inc.*, 2021 WL 3037701, at * 7 ("An individual's frequent visits to the forum, or even his owning property in a forum, do not, alone justify the exercise of general jurisdiction over him.").

### B.  Specific Jurisdiction

Specific jurisdiction arises when a defendant's contacts with the forum give rise to the claim in question. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 775 (1984)). "[T]here must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers Squibb Co.*, 582 U.S. at 262 (quoting *Goodyear*, 564 U.S. at 919). Thus, specific jurisdiction exists only when the claims arise out of or relate to the defendant's contacts with the forum state. *See id.*

The Ninth Circuit has established a three-part test to determine whether a court has specific personal jurisdiction over a defendant:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. "The plaintiff bears the burden of satisfying the first two

prongs of the test." *Id.* "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* If the plaintiff satisfies both prongs, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

Starkes has not met his burden regarding either of the first two prongs. Starkes's only allegation against Greene is that he sent Greene multiple letters to his place of business in Illinois, requesting that Greene discharge Starkes's debt to Discover. This does not constitute purposeful activity by Greene in California. *See Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1995 (9th Cir. 1988) ("Purposeful availment analysis examines whether the defendant's contacts with the forum are attributable to his own actions or are solely the actions of the plaintiff."); *see also Burger King*, 471 U.S. at 475 ("This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, . . . or of the unilateral activity of another party or a third person"); *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989) ("a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person.").

Accordingly, the Court lacks personal jurisdiction over Greene.

## CONCLUSION

For the foregoing reasons Greene's motion to dismiss is granted. Dismissal is without leave to amend, as the Court finds amendment would be futile. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: September 17, 2024



JON S. TIGAR
United States District Judge

4